(No. 2333— )

FRANCES S. COOLIDGE, FRANCIS S. COOLIDGE, ADMINISTRATRIX OF THE ESTATE OF CLIFFORD H. COOLIDGE, Deceased, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1936.*

CLIFFORD N. COOLIDGE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claim was filed in this court on February 28, 1934, alleging that on the 1st day of October, 1931, C. H. Coolidge was employed to work in the laundry of the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois, that his wages were Ninety Dollars ($90.00) per month; that his duties were that of a laundryman, that is, he washed the clothes of the inmates of the institution and used certain soaps, corrosive acids, lyes and chemicals for the cleaning of said clothes that were harmful to the human skin and body; that his hands became chapped and the skin cracked; that on the 19th day of February, 1933, the right hand became infected with blood poisoning from the use of the water, lyes, acids, soaps and chemicals, and that decedent died on the 28th day of February, 1933; that notice was given on the 28th day of March, 1933; that the deceased left him surviving, Frances S. Coolidge, his wife, Barbara Coolidge, his daughter, Robert Heketh Coolidge, his son, Clifford N. Coolidge, his son and Beatrice Cole, his daughter. Claimant further alleges that Frances S. Coolidge and Barbara Coolidge were dependent upon the said Clifford H. Coolidge, and that they are now without means of support, and that they relied solely upon said Clifford H. Coolidge for the furnishing and supplying of the necessities of life. Damages in the sum of Four Thousand Dollars ($4,000.00) are claimed.

The ages of the different children are not averred.

An amendment to the declaration was filed on June 15, 1934, averring that the infection occured on the 13th day of February, 1933 and not on the 19th day of February.

The Attorney General has moved to dismiss and sets up. two grounds. (1) That no claim for compensation was made within six months as required by law. (2) Application for compensation was not filed within one year, pursuant to Section 24 of the Compensation Act. Other grounds are also alleged, but under the view we take of this case, it will be unnecessary to discuss them.

It has been repeatedly held that the making of a claim for compensation within six months and the filing of an application within one year from the date of the accident, are jurisdictional. It appearing from the face of the declaration in this case, which we have treated as an application for compensation, that the application was not filed within one year, we must hold that we have no jurisdiction. For further discussion of the law as we view it, see *William Hopkins* vs. *State of Illinois,* No. 2097, recently decided by this court.

We must, therefore, decide the motion of the Attorney General in the affirmative, and dismiss the case.